UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-00228

| | |
|---|---|
| **CHRISTOPHER CRUMP,** | ) |
| **Plaintiff,** | ) |
| v. | ) **COLLECTIVE ACTION COMPLAINT** |
| **COOKS COMMUNITY VOLUNTEER FIRE DEPARTMENT, INC.,** | ) |
| **Defendant.** | ) |

Plaintiff, Christopher Crump ("Crump" or "Plaintiff"), individually and on behalf of all other similarly situated employees, by and through his counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, against Cooks Community Volunteer Fire Department, Inc. ("Defendant"), and alleges, upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Crump contends that Defendant violated the FLSA by knowingly suffering and/or permitting Crump and the putative Collective members ("Collective") to work in excess of 40 hours per workweek without properly compensating them for all overtime hours worked.

## THE PARTIES

2. Crump is an adult individual who is a resident of Cramerton, North Carolina.

3. Defendant is a domestic non-profit corporation registered and in good standing in the state of North Carolina.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for claims brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. This Court has personal jurisdiction because Defendant's primary place of business is located in Mecklenburg County, which is within this judicial district.

6. Venue is proper in this judicial district because Defendant's primary place of business is in this district and because the unlawful acts or omissions alleged occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

10. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

11. At times hereinafter mention, Plaintiff was an employee engaged in interstate

commerce within the meaning of 29 U.S.C. § 207(a). During his employment with Defendant, Plaintiff operated equipment produced and transported in interstate commerce, traveled on interstate highways, and responded to emergencies on waterways.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Defendant is a volunteer fire department that provides firefighting services to parts of Mecklenburg County, North Carolina. Defendant's Board of Directors and Officers are selected independently of government decision-makers. Defendant hires employees directly and at its own discretion.

13. Crump and the Collective are individuals who work and have worked for Defendant as Firefighters[1] during the three-year statutory period preceding the filing of this Complaint. Amongst other things, Crump and the Collective all share similar training, job descriptions, job tasks, and are subject to the same compensation and time recording policies and procedures.

14. Crump and the Collective were all paid an hourly rate of pay and non-exempt employees with the meaning of the FLSA.

15. Crump began his employment with Defendant as a full-time Firefighter/EMT in or about the summer of 2022. In or about August 2023, Defendant promoted Crump to the EMS Captain role. Defendant still employs Crump as an EMS Captain.

16. Defendant employed Crump during the FLSA's statutory period preceding the filing of this Complaint.

17. Throughout his employment with Defendant, Crump and the Collective received biweekly paychecks from Defendant that did not properly record or compensate them for all

---

[1] The term "Firefighter" as used in this Complaint encompasses the ranks of Assistant Chief, Captain, Lieutenant, Engineer, Firefighter/EMT and any other position, however named, that Defendant classifies as non-exempt under the FLSA and who are paid an hourly rate of pay.

3

overtime hours that they worked.

18. Section 7(k) of the FLSA provides a partial overtime pay exemption for fire protection personnel who are employed by **public agencies** on a work period basis. Defendant is not a "public agency" within the meaning of the FLSA.

19. Defendant did not pay Firefighters overtime for all hours worked over 40 in a 7-day workweek.

20. Defendant maintained a policy and practice of paying overtime to its Firefighters when they worked more than 106 hours in a 14-day pay period.

21. Crump and the Collective worked 24-hour shifts.

22. Crump and the Collective worked more than 40 hours in a 7-day workweek during one of more workweeks during the three-year period preceding the filing of this Complaint.

23. Defendant's violations of the FLSA were willful. Defendant knew, and was aware at all times, that Crump and the Collective were not paid for all overtime hours worked because Crump and other members of the Collective complained to Defendant about not being paid overtime correctly in violation of the FLSA. Defendant's officers and board members responded to these complaints by stating that Defendant was "properly" paying overtime under the FLSA. Defendant's officers and board members have additionally held meetings, with the most recent meeting held approximately one month prior to the filing of this Complaint, to advise Firefighters that Defendant was paying overtime "correctly" in response to complaints from Crump and members of the Collective.

24. The conduct alleged above reduced Defendant's labor and payroll costs.

25. Defendant willfully failed to pay Crump and the Collective the overtime premium required by the FLSA.

26. Crump and the Collective were subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Crump and the Collective in accordance with the requirements of the FLSA, Crump and the Collective suffered lost wages and other related damages.

## FLSA COLLECTIVE ALLEGATIONS

27. Crump brings this collective action on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

28. Crump pursues the requested relief on behalf of the following individuals ("the Collective"):

> **All individuals who currently work, or have worked, for Defendant as a Firefighter at Defendant's Charlotte, North Carolina location at any time within the preceding 3 years from the date of filing the complaint.**

29. Crump is a member of the Collective that he seeks to represent because he was employed by Defendant during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, as described above, and was not paid at the FLSA's mandated overtime premium rate for all time he worked over 40 hours per workweek.

30. Defendant engaged in common schemes to avoid paying Crump and the Collective overtime pay when they worked in excess of 40 hours per week by failing to pay them overtime wages.

31. Crump and the Collective are similarly situated and this action may be properly maintained as a collective action because:

   a. Crump and the Collective were all paid under the same compensation structure;

b. Crump and the Collective were subject to the same work rules, policies, and procedures;

c. Crump and the Collective worked in excess of 40 hours per week during one or more workweeks while employed by Defendant without being paid for all overtime hours worked; and

d. Defendant maintained common timekeeping and payroll systems and policies with respect to Crump and the Collective.

32. Defendant encourages, suffered, and permitted Crump and the Collective to work more than forty (40) hours per week without proper overtime compensation.

33. Defendant knew that Crump and the Collective performed work that required additional overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Crump and the Collective of overtime compensation.

34. Defendant's conduct as alleged herein was willful and caused damage to Crump and the Collective.

35. Defendant is liable under the FLSA for failing to properly pay Crump and the Collective overtime wages. Crump requests that the Court authorize notice to the members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

36. Crump estimates that the collective, including both current and former employees over the relevant period, will include more than 45 members. The precise number of collective members should be readily available from Defendant's personnel, scheduling, time, and payroll records as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the

composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA FOR ALL OVERTIME HOURS WORKED

37. Crump realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

38. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

39. Crump and the Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

40. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

41. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Crump and the Collective to work overtime hours each week without paying them premium overtime pay at the correct overtime pay rate and for the actual number of overtime hours worked.

42. Throughout the relevant period, Crump and the Collective each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1½ times their regular hourly rate for all of those additional hours.

43. Defendant's actions described in this Complaint violated the FLSA.

44. Defendant's actions were willful and not in good faith.

45. Crump and the Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

46. Defendant is liable to Crump and the Collective for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 216(b) as well as reasonable attorneys' fees, costs, and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Crump, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant, jointly and severally, and in favor of Crump and all others similarly situated, for a sum that will properly, adequately, and completely compensate Crump and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all Associates who have worked for the Defendant within the last three years;

B. Authorize Crump's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Associates who worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Crump's FLSA claims as a collective action;

D. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated provisions of the FLSA by failing to pay overtime wages to Crump and similarly situated persons who opt-in to this action;

   ii. Willfully violated provisions of the FLSA;

E. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F. Award liquidated damages on all compensation due accruing from the date such amounts were due;

G. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such further relief as the Court deems just and equitable.

Dated: February 26, 2024

Respectfully Submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*